The People, Defendant in Error, v. Benjamin F. Peltz, Plaintiff in Error.

1. EVIDENCE—*what may be shown upon cross-examination.* The interest of a witness in the result of a pending action, consisting in the maintenance by him against the same defendant of kindred actions, may be shown upon cross-examination.

2. INSTRUCTIONS—*when should be peculiarly accurate.* Where the case is close upon the facts, the instructions should be of special and particular accuracy.

Information for keeping gambling house. Error to the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding.

Heard in this court at the November term, 1907.  Reversed and remanded.  Opinion filed April 21, 1908.

JOHN FULLER and INGHAM & INGHAM, for plaintiff in error.

ARTHUR F. MILLER and E. B. MITCHELL, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Benjamin F. Peltz sued out a writ of error to the County Court of DeWitt county to reverse a judgment in the sum of $499.99 in that court in favor of The People of the State of Illinois rendered against him on a trial upon an information charging Peltz with keeping a common gaming house.

The principal errors assigned relate to the ruling of the trial court in the admission of evidence and the action of the court in giving instructions for the People.

Fitzgerald, the main witness for the People, testified to having seen Peltz in and around the room where it was alleged the gambling took place and that he had bought chips from Peltz for the purpose of playing roulette.  Upon cross-examination Fitzgerald was asked whether or not he then had a civil suit pending against Peltz, and another to recover money he claimed to have lost on roulette at the time covered by the information, and whether or not his wife had not, at that time, a suit pending to recover a penalty from Peltz because of loss of money by Fitzgerald to Peltz at gambling, during the same time.  To each of these questions an objection was sustained by the court.

This was error.  It was competent to show that Fitzgerald was interested in securing the conviction of Peltz, as affecting his credibility as a witness, and this could be shown upon his cross-examination.

Jones in his work on Evidence, volume 3, sections 829 and 830, says: "The cross-examination would be

of little value, if the witness could not be fully interrogated as to his motives, bias and interest," and that "it has been frequently held that it was error not to permit cross-examination as to the state of feeling or bias of the witness."

The People called eighteen witnesses, but only two of them testified that Peltz had anything to do with the alleged gambling house during the time for which conviction was sought. These two witnesses were William McCready and James Fitzgerald. McCready testified that he had been in the room where the gambling was alleged to have taken place and had seen Peltz there, but could not say that he ever saw him sell any chips or checks for playing the wheel; that while he sometimes saw him playing cards there he seemed to exercise no act of ownership over the business.

James Fitzgerald testified that he had been in the room at times covered by the information and had seen Peltz there and that he had bought checks from him on two different occasions for the purpose of playing roulette and that Peltz asked him twice to play on the wheel.

Plaintiff in error testified that he had not been engaged in keeping a gambling house at any time during the period covered by the information and at no time had invited Fitzgerald to play and had never sold him any chips and that he had no interest whatever in the gambling house or the business involved, at the time in dispute.

H. S. Matthews, who worked in the alleged gambling room during the time covered by the information, testified to matters strongly tending to corroborate Peltz and tending to show that Peltz had no interest whatever in the business at the time complained of and that Peltz was not there at any time during the period when Fitzgerald says Peltz asked him to play roulette.

The case thus became close upon the facts and it was essential that the instructions given should have been accurate.

The court upon the part of the People instructed the jury that if they believed from the evidence that Peltz had knowingly testified falsely, they had a right to disregard his entire evidence except where it was corroborated by other evidence. This was error, as it is essential that the matter so testified to shall be *material* before the jury are at liberty to disregard the testimony of a witness. Peak v. People, 76 Ill. 289.

In view of the sharp conflict in the evidence the giving of this instruction was prejudicial error.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*