THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ADRIAN M. GREENWOOD, Defendant-Appellant.

Fourth District    No. 13238

Opinion filed July 8, 1976.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Jeffrey G. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant was arrested for resisting and obstructing a peace officer, criminal trespass and disorderly conduct. At a bench trial directed verdicts were entered on her behalf as to the charges of disorderly conduct and criminal trespass. However, defendant was found guilty of resisting and obstructing a peace officer, and sentenced to 3 months conditional discharge and fined $10 plus court costs. She appeals.

On appeal defendant urges that she was not proven guilty beyond a reasonable doubt, in that the evidence failed to establish that her conduct constituted a knowing resistance or obstruction of a peace officer. We cannot agree with her position and we therefore affirm the trial court.

This case arose out of an altercation which occurred at a Kentucky Fried Chicken restaurant located in Normal, Illinois, on August 9, 1974. On the date in question the defendant and two other women came upon the property of Mr. James W. Powers. Mr. Powers asked the defendant and her companions to leave his premises and the defendant responded in a vulgar and abusive manner. Once the defendant and her companions left Powers' premises, he called the authorities and then followed them to the Kentucky Fried Chicken restaurant, which was located near his home.

At the Kentucky Fried Chicken restaurant Powers met Sergeant Frank Filliponi of the Normal Police Department. At that time Sergeant Filliponi was off duty, but he remained with Mr. Powers until a squad car

arrived at the restaurant. Shortly thereafter, Officer David Norton of the Normal Police Department arrived in his squad car. Mr. Powers was advised by the police officers that he would be required to sign a complaint in order to have the women arrested and Mr. Powers stated that he would.

Officer Norton and Sergeant Filliponi then went inside the Kentucky Fried Chicken restaurant and asked the three women for identification. At first the women demanded an explanation and the officer advised them that someone wanted to file a complaint against them. Officer Norton then went back outside the restaurant and conferred with Mr. Powers. Upon his return he advised the defendant and her two companions that they were going to be placed under arrest for disorderly conduct and criminal trespass. The women were told to stand up and pick up their belongings. The women refused to comply with the order of the officers and a scuffle ensued between the two policemen, the defendant and her two companions.

According to the testimony of Sergeant Filliponi, one of the defendant's companions stood up after being touched by the police officers and began to throw her food at the officers. During the course of this altercation chairs were knocked over. The defendant and one of her companions, a Miss Kennard, were handcuffed and escorted to the police car.

At trial the defendant testified that she and her two companions were at the Kentucky Fried Chicken restaurant on the day in question. She stated that while she was eating the police officer approached her and asked her for her identification. When she and her two friends failed to show the officer any identification, he went outside the restaurant, returned a few minutes later and advised her and her companions that they were under arrest and that they should come with him.

Defendant contended that she did nothing at all and that the police officers grabbed the back of her chair, twisted her arm behind her and pushed her to the table. She contended that as a result of the aggressive actions of the officer, food and chairs were knocked to the floor.

The trial court found the defendant guilty of resisting and obstructing a police officer.

■■ On appeal, defendant submits that she was not proven guilty beyond a reasonable doubt on the grounds that the evidence presented at trial was insufficient to establish that her conduct constituted a knowing resistance or obstruction of a peace officer.

In section 31—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—1) the offense of resisting or obstructing a peace officer is defined as follows:

"A person who knowingly resists or obstructs the performance by

one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor."

In order for the State to establish a violation of the aforementioned statute, it must prove beyond a reasonable doubt that the defendant had the necessary requisite specific intent, in that the defendant acted knowingly. (*People v. Pickett*, 34 Ill. App. 3d 590, 340 N.E.2d 259.) The question of whether defendant's guilt was established beyond a reasonable doubt is a question for the trier of fact. Furthermore, it is the function of the trier of fact to resolve conflicts in the testimony presented at trial. (*People v. Douglas*, 29 Ill. App. 3d 738, 331 N.E.2d 359.) The finding of guilty by the trier of fact will not be disturbed unless the evidence is so improbable as to leave a reasonable doubt of guilt. *People v. Curry*, 56 Ill. 2d 162, 306 N.E.2d 292.

We have reviewed the testimony of Sergeant Filliponi, the defendant and her companions, and have found their testimony to be inconsistent. By virtue of the finding of guilty, the trial court chose to believe the testimony of Sergeant Filliponi.

His testimony established that the defendant was confronted by a uniformed police officer who advised her that she was being placed under arrest, and requested her to cooperate. His testimony also revealed that there was an altercation and that the defendant had to be physically subdued. The trial court as trier of fact found the sergeant's testimony to be persuasive.

■■■ It is the general rule that the testimony of an officer, involved in the arrest, regarding a defendant's behavior at the time of the arrest is sufficient to sustain a conviction of resisting or obstructing a peace officer. (*Douglas*) The trial court, after reviewing the evidence presented to it, deemed that the defendant's conduct constituted a knowing obstruction of a police officer in the performance of his duties. Based upon the record herein we will not disturb that finding.

Accordingly, the judgment of the Circuit Court of McLean County is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.