THE CITY OF PEKIN, Plaintiff-Appellee, *v.* ROBERT J. ROSS, Defendant-Appellant.

Third District    No. 79-444

Opinion filed February 7, 1980.

Kirk W. Bode, of Bernardi, Ault & Bode, of Pekin, for appellant.

Frederick G. Hoffman, of Elliff, Keyser & Hallberg, of Pekin, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a conviction for resisting a peace officer in violation of section .033 of chapter 21 of the Pekin Municipal Ordinances. On December 8, 1978, at about 11:45 p.m. police officer Deral Bates, in response to a call in the area, first confronted the defendant, Robert Ross. Officer Bates noticed that Ross, obviously very intoxicated, was seated behind the wheel of his car. Officer Bates asked Ross if he wished to have a ride home but Ross refused and Officer Bates left the area. A few minutes later Officer Bates returned to the area, approached the car, and asked Ross to step out. He informed Ross that he was being placed under arrest for driving while intoxicated. There is a dispute as to what occurred after Ross stepped out of the car, with Officer Bates, Officer Behrends, who assisted Bates, and Ross all testifying to different versions of the incident. Following a bench trial, Ross was found guilty and sentenced to pay a fine of $50.

On appeal defendant raises three issues: (1) whether the trial court, in restricting the cross-examination of Officer Bates, abused its discretion to the manifest prejudice of the defendant; (2) whether the conduct charged in the complaint fell within the conduct proscribed by the ordinance in question; and (3) whether the evidence adduced at trial was sufficient to support a conviction.

■■ We reverse, holding that there was not adequate evidence adduced at trial to support a conviction. Municipal ordinance prosecutions are considered quasi-criminal in character, although actually civil in form. (*City of Danville v. Clark* (1976), 63 Ill. 2d 408, 348 N.E.2d 844, *cert. denied* (1976), 429 U.S. 899, 50 L. Ed. 2d 184, 97 S. Ct. 266.) The standard of proof to be applied in ordinance violation proceedings is a clear preponderance of the evidence. (*City of Chicago v. Mayer* (1974), 56 Ill.

2d 366, 308 N.E.2d 601.) We believe that the lower court's decision was against the manifest weight of the evidence.

The testimony of both officers is replete with inconsistencies as to the precise act or acts of the alleged resistance by Ross and the extent of the alleged resistance. Officers Bates and Behrends testified for the prosecution. Officer Bates testified on direct examination that after Ross got out of his car and was requested to turn around and face the car, Ross was "struggling all the time." However, Officer Bates admitted that because Ross was inebriated he was "unable to struggle that much." Officer Bates claimed that the way in which Ross struggled was to "swing his arms around." But then Officer Bates recanted and stated that Ross' resistance was against being handcuffed. Then, on cross-examination, Officer Bates said that Ross did not swing his arms or strike at the officers but only resisted the handcuffs. Officer Bates also testified on cross-examination that he had little difficulty turning Ross around to face his car. Further, Officer Bates' police report contained no mention of the defendant struggling.

Officer Behrends, on direct examination, also spoke of forcing Ross up against the car. But Officer Behrends stated that the only force necessary to make Ross comply was that, since Ross' shoulder was up against the car, the officers had to give him an extra quarter of a turn. Officer Behrends also contradicted Officer Bates' testimony by denying that Ross was swinging his arms about. Officer Behrends also testified that the defendant begged and pleaded not to be arrested and tried to draw his arms down around to the front when he was being handcuffed.

The testimony of the two officers can be seen to be clearly contradicting with regard to Ross' alleged struggles. Officer Bates' testimony on direct examination was contradicted by his testimony on cross-examination and also by Officer Behrends' testimony. This in itself creates considerable doubt as to the propriety of the trial court's decision, but when the evidence presented by the defense is added to it, it becomes clear that the trial court's decision was against the manifest weight of the evidence.

The defendant, Ross, testified that he did not struggle with the officers, that they just spun him around, threw his hands on the car, handcuffed him and placed him in the squad car. He admitted that when his hands were brought behind his back and pushed high on his back he attempted to pull them down because of the severe pain it caused. Ross then testified to the physical abuse he suffered at the hands of Officer Bates.

He testified that prior to being taken to the police station, and while still handcuffed, he was hit on the rib cage with something and was knocked to the ground. Upon arrival at the police garage, he was dragged

out of the police car, through the police garage, up the steps, and into the back room of the police station. Once in the police station, his handcuffs were taken off and he was thrown up against the wall by Officer Bates, resulting in his glasses being broken and his being bruised along his face. He was later thrown against the corner of a table resulting in a laceration to his head. He further testified that Officer Bates used vulgar language towards him and told him that if he didn't consent to a breathalyzer test he would hit him and not let him have any medical attention for his head, which was now dripping blood. Ross identified defendant's exhibits 1 through 18 as pictures he had posed for a few days after the incident, stating that he had none of the bruises or marks reflected in those pictures prior to the night of December 8, 1978, and that they were the result of abuse he suffered at the hands of Officer Bates. This testimony went uncontradicted.

■■ The testimony clearly establishes a bias on the part of Officer Bates, a crucial and vital witness for the prosecution. When combined with the inconsistencies in Officer Bates' testimony and the discrepancies between the testimony of Officer Bates and Officer Behrends, we believe that the municipality clearly failed to prove resistance on Ross' part.

■■ About the only thing that all the testimony is consistent on, regarding Ross' actions after getting out of the car, is that when the officers attempted to handcuff Ross' hands behind his back he pulled his arms down and in front of him. Ross testified that this happened because the officers were hurting him by putting his hands behind his back and pushing them up. This certainly does not constitute resistance.

The prosecution's reliance on *City of Joliet v. Schmidt* (1976), 35 Ill. App. 3d 978, 343 N.E.2d 40, in support of its contention that Ross' conviction should be affirmed is misplaced. In *Schmidt* the defendant was found guilty in a bench trial of resisting a police officer. At trial, the police officers who had stopped the defendant for speeding testified that the defendant had used obscenities, struggled to get free and kicked an officer in the shins several times. Defendant denied using profanity and kicking the officer. The defendant contended that her conduct did not amount to resisting an officer. The appellate court affirmed the conviction, stating that, on the basis of the officers' testimony, a conviction would be justified. Since the officers' testimony was clearly not unreasonable, the appellate court declined to reverse the trial court.

*Schmidt* is clearly distinguishable from the present case. First of all, in *Schmidt* there was testimony that the defendant kicked the officers in the shins and significantly struggled. In the instant case, the only struggling the defendant did was to pull his arms down, which was certainly not enough to constitute resistance. (See *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 267 N.E.2d 739.) While there is some

testimony to the effect that Ross may have swung his arms about trying to resist, unlike *Schmidt*, there is considerable doubt as to the veracity of the testimony. Officer Bates recanted his statement about Ross swinging his arms on cross-examination, and Officer Behrends did not remember Ross swinging his arms about. Further, unlike *Schmidt*, there was considerable undisputed impeaching evidence with regard to Officer Bates. Therefore, *Schmidt* is inapposite.

■■ In view of the vagueness of the officers' testimony, the many contradictions and inconsistencies, and the impeaching evidence offered by the defense, we believe that the trial court's decision was against the manifest weight of the evidence. Because we decide this case on these grounds, we do not reach the other issues raised by appellant.

For the abovementioned reasons, the decision of the Circuit Court of Tazewell County is reversed.

Reversed.

ALLOY and STENGEL, JJ., concur.