THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WARE, Defendant-Appellant.

First District (4th Division)    No. 79-1803

Opinion filed May 28, 1981.

924

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, and Dean Corask, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, the defendant, Robert Ware, was convicted of murder and sentenced to 25 years' imprisonment. He contends on appeal that: (1) the State did not prove him guilty beyond a reasonable doubt; (2) his privately retained counsel was incompetent; and (3) the trial court improperly restricted cross-examination of a witness.

Otis Bates testified that on the evening of June 8, 1979, he and his brother Anthony Bates saw Linda Bagsby, Anthony's wife, standing outside the Paradise Lounge. They decided to wait outside so Anthony could "see if [Linda] was doing anything behind his back that he should know about." Approximately 45 minutes later, Linda Bagsby and her sister-in-law, Joanne Bagsby, left the lounge with two men—Stanley Collins and the defendant. They entered the defendant's car. Anthony Bates then went to the car, knocked on the window and said "this is my wife, open the door." He reached into the car and started to hit Linda

Bagsby. The defendant told everyone to get out of the car. Otis and Anthony Bates started to walk toward the back of the car when the defendant yelled to Anthony, "Hey, I got something for you." Anthony responded, "You have something for me," and walked to the front of the car. The defendant pointed a gun at Anthony and fired two shots. The first shot missed. After the second shot, Anthony fell to the ground. The defendant then drove away. Otis Bates stated that immediately prior to the second shot, Anthony's hands were empty and were placed down by his sides.

Linda Bagsby testified that she and her three children had lived with Anthony Bates for six years and that he provided their support. Her account of the shooting was essentially the same as that of Otis Bates. She stated that Anthony Bates did not strike the defendant. On cross-examination, the trial court sustained an objection to the defendant's inquiry as to whether Linda Bagsby was aware that she could file a claim under the Crime Victims Compensation Act (Ill. Rev. Stat. 1977, ch. 70, par. 71 et seq.). Much of Linda Bagsby's testimony was corroborated by her sister-in-law, Joanne Bagsby.

Investigator Murphy testified that he was assigned to investigate the death of Anthony Bates. As part of this investigation, he spoke with both Linda and Joanne Bagsby. The police report regarding his conversation with Joanne did not indicate that Anthony Bates went to the rear of the car. Murphy stated that a police report contains only general information intended to refresh the investigator's memory.

Stanley Collins, a friend of the defendant, testified that he was the disc jockey at the Paradise Lounge. On the night of the incident, he asked the defendant to give Linda and Joanne Bagsby a ride home. The defendant agreed and they all left together. After they entered the defendant's car, Anthony Bates ran to the car, opened the door and "plunged over in the back seat." He "started beating on Linda." The defendant ordered everyone out of the car. Anthony Bates hit the defendant and said, "man, this is my wife." He tried to get into the front seat to pursue the defendant and struck the defendant again. Anthony got out of the car, ran to the driver's side and tried to kick the defendant. The defendant moved to the passenger side of the car. Anthony then came back around the front of the car to the passenger side. The defendant moved back to the driver's side, got out of the car and told Anthony not to come back. Anthony came toward the defendant, saying he would "get him." The defendant stood behind the open car door and fired a shot. Anthony kept coming toward the defendant and said, "I'm going to kick your ass." The defendant fired a second shot and Anthony fell.

On cross-examination, Collins denied telling Investigator Murphy that after the defendant got out of the vehicle, the defendant told

Anthony, "I'm going to hurt you." He also stated that he drank a case of beer on the night of the shooting.

At that point the defense rested and the State called Investigator Murphy in rebuttal. Murphy testified that on June 8, 1979, he had a conversation with Stanley Collins. Collins told Murphy that after the defendant exited his car, the defendant told Anthony, "I'm going to hurt you." Murphy further stated that Stanley Collins never told him that Anthony ran around the front of the car, opened the driver's door, and kicked the defendant. Also, Collins never told Murphy that the defendant slid back and forth across the driver's seat while Anthony ran around the car in an attempt to catch the defendant.

The defendant first contends that the State did not prove beyond a reasonable doubt that he was guilty of murder. Specifically, he argues that the State did not rebut his claim of self-defense as presented through the testimony of Stanley Collins.

■■ Whether the use of force which results in death was justified is a question of fact for the jury. A court of review will not overturn a jury's determination of guilt unless the evidence is so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt. (*People v. Acevedo* (1976), 40 Ill. App. 3d 105, 351 N.E.2d 359.) The testimony of Otis Bates and Linda Bagsby established that Anthony Bates knocked on the window of the car in which Linda Bagsby, Joanne Bagsby, Stanley Collins and the defendant were seated. Anthony reached into the car and hit Linda, but did not hit the defendant. Anthony and Otis Bates then started to walk away from the defendant and toward the end of the car when the defendant yelled to Anthony, "hey, I got something for you." Anthony walked back toward the defendant with his hands empty and down by his sides. The defendant fired two shots, one of which struck Anthony, and drove away. The only evidence that the defendant was acting in self-defense or under serious provocation was the testimony of Stanley Collins. Collins stated that Anthony Bates hit the defendant at least three times while they were in the car. When the defendant got out of the car, Anthony Bates ran toward him saying that he would "get him," and "kick [his] ass." The defendant fired a shot. Anthony Bates kept moving toward him. The defendant fired again and Anthony fell. While this testimony may have been sufficient to support a finding of self-defense or serious provocation, it is apparent that the jury chose to believe the State's witnesses rather than the defendant's. Collins' testimony was impeached on several grounds, and he admitted drinking a case of beer on the night of the shooting. The account of the incident given by Linda Bagsby and Otis Bates was neither unreasonable nor improbable. We therefore decline to overturn the determination of the jury that the defendant was proven guilty of murder beyond a reasonable doubt.

The defendant next contends that the performance of his privately retained counsel was incompetent. He argues that since his "state of mind" during the shooting was crucial to the defense, his counsel's decision not to allow him to testify was clear evidence of incompetence. He also claims that his counsel did not properly elicit information from Stanley Collins as to whether Anthony Bates reached into his pockets before the shooting, and that he conducted cross-examination into areas not in issue.

■■ In *People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677, 685, the Illinois Supreme Court stated that a court of review " 'will not reverse a conviction because of the incompetency of counsel unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham.' " The defendant must show that he was substantially prejudiced by defense counsel's representation, and that absent this prejudice, the outcome of the trial would probably have been different. A claim of prejudice cannot be based on mere speculation or conjecture. *People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.

■■ There is no evidence in the record to suggest that the decision of the defendant not to testify was anything but a mutual decision on the part of the defendant and his attorney. Also, the defendant's claim that Collins could have been indicating that Anthony Bates was reaching into his pockets prior to the shooting is based on mere conjecture. The record further shows that defense counsel cross-examined Otis Bates and Linda Bagsby with regard to the events which occurred immediately prior to the shooting. Even if he did concentrate on matters not directly in issue, this alone is not sufficient to reduce the proceeding to a farce or sham.

The defendant's last contention is that the trial court erred in not permitting him to cross-examine Linda Bagsby as to whether she was aware that she could file a claim under the Illinois Crime Victims Compensation Act. (Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*) He maintains that evidence of any expected financial gain would tend to impeach the witness by showing interest, bias or motive.

■■ The scope of cross-examination, even with regard to bias, rests in the discretion of the trial court. (*People v. Jones* (1979), 70 Ill. App. 3d 338, 387 N.E.2d 1010.) Reversible error will be found only where there is a clear abuse of this discretion. Evidence showing bias must be direct and positive rather than remote or uncertain. *People v. Nowak* (1979), 76 Ill. App. 3d 472, 395 N.E.2d 28.

■■ Here, defense counsel made no indication to the trial court that he had information showing that Linda Bagsby had obtained, applied or was going to apply for compensation under the Act. Any testimony concerning whether Linda Bagsby was aware of her possible eligibility would

have been speculative and uncertain evidence of bias and was therefore properly excluded by the trial court. See *People v. Bradford* (1979), 78 Ill. App. 3d 869, 397 N.E.2d 863.

Accordingly, the conviction of the defendant is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.