THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FIDEL MARTINEZ, Defendant-Appellant.

First District (2nd Division)   No. 82—2877

Opinion filed December 13, 1983.

Frank Celani, of Lansing, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lawrence R. Stasica, and Thomas J. Finn, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant was charged with having left the scene of a personal injury accident in violation of section 11—401(a) of the Illinois Vehicle Code (Vehicle Code), a Class A misdemeanor, and with driving too

fast for conditions. (Ill. Rev. Stat. 1981, ch. 95½, pars. 11—401(a), (c), 11—601(a).) A jury found defendant guilty of the former charge only with a recommendation of leniency, judgment was entered on the verdict, and he was sentenced to conditional discharge of one year.

Defendant raises issues of whether the circuit court erred by: prohibiting him from engaging in certain cross-examination; denying his motions to dismiss, for a mistrial, and in arrest of judgment; and refusing to find the relevant statute unconstitutional.

At the jury trial on September 14, 1982, the State's first witness, Eric McNeal, age 17, testified that on April 24, 1982, at approximately 10 p.m., he and three friends were riding bicycles southbound on May Street. When they reached 124th Street, defendant's automobile, traveling east on 124th Street, entered the intersection and struck the right side of McNeal's bicycle, knocking him off the bicycle and causing him to tumble for a distance of eight feet. He felt "lots of pain" in his knees, shoulder, and right thumb and sustained a cut on the thumb. He tried but was unable to stand. The automobile stopped. Defendant got out and told him he "had no damn business" riding the bicycle on the street. Defendant said nothing further, returned to his car, and drove away. His license number was noted. The police and an ambulance arrived, and McNeal was taken to a hospital.

Cecil Williams and Kelvin McDuffey, two of the three who were riding bicycles with McNeal, essentially corroborated McNeal's testimony with respect to the collision, the injury, and defendant's conduct at the scene. They noted the license number, make and color of defendant's automobile. McDuffey summoned the police to the post-occurrence scene.

Defendant testified that the left side of his automobile collided with McNeal's bicycle. After defendant stopped his car and got out, McNeal was sitting down, but he helped him up. McNeal told him he was fine. He asked McNeal six or seven times if he wanted to go to the police or have the police called because he noticed McNeal "grabbing his hand like this," but the boy declined. Defendant returned to his car and drove off. He did not give McNeal his name, address, telephone number or automobile registration information. He did not contact police.

Oscar Gonzalez, a passenger in defendant's car, corroborated defendant's version of the incident. Another passenger, Jose Corral, did not testify apparently because he had been deported by the United States government.

The jury's finding of guilt and sentencing as first noted followed. Defendant's motions for a new trial, in arrest of judgment and to re-

duce sentence were denied. This appeal proceeds from the judgment and orders denying defendant's post-trial motions.

## I

Defendant initially argues that the circuit court erred in prohibiting him from cross-examining McNeal as to whether he contemplated filing a civil action against defendant, claiming that such refusal amounted to a denial of defendant's right to impeach the witness by showing his interest, bias or motive. Cross-examination for such impeachment is a matter of right, subject only to the trial court's discretion to preclude repetitive or unduly harassing questioning. (*People v. Thompson* (1979), 75 Ill. App. 3d 901, 903, 394 N.E.2d 422; *People v. Phillips* (1981), 95 Ill. App. 3d 1013, 1020, 420 N.E.2d 837.) Although the trial court has no discretion to preclude such impeachment entirely, it can, assuming a proper subject matter, control the extent of such cross-examination. *People v. Thompson* (1979), 75 Ill. App. 3d 901, 903-04.

The actual pendency of civil litigation is relevant as tending to show the bias or interest of a witness, and thus is a proper subject matter of cross-examination. (*People v. Rongetti* (1928), 331 Ill. 581, 598, 163 N.E. 373; *People v. Peltz* (1908), 143 Ill. App. 181, 182; see also McCormick, Evidence sec. 40, at 79 (2d ed. 1972); 3A Wigmore, Evidence sec. 949, at 788 (Chadbourn rev. ed. 1970).) The instant case, however, involves potential rather than pending litigation. What action, if any, a witness may or may not choose to file in the future is so indefinite and questionable as to have little probative value. In *People v. Bradford* (1979), 78 Ill. App. 3d 869, 397 N.E.2d 863, defendant attempted to impeach a witness by asking him whether any civil action was contemplated against the witness or the witness' employer. The trial court's barring of such cross-examination was upheld as within the court's discretion because such testimony would have been speculative and uncertain. (*People v. Bradford* (1979), 78 Ill. App. 3d 869, 877.) To the same effect are *People v. Heidorn* (1983), 114 Ill. App. 3d 933, 449 N.E.2d 568, and *People v. Denby* (1981), 102 Ill. App. 3d 1141, 430 N.E.2d 507. We find no abuse of discretion in the circuit court's denial of such cross-examination here.

Assuming, for the sake of argument, that the court could be considered to have erred in refusing to allow defendant's proposed cross-examination as to such potential litigation, that ruling would not merit reversal unless the court's abuse of discretion resulted in manifest prejudice to defendant. (*People v. Lenard* (1979), 79 Ill. App. 3d 1046, 1050, 398 N.E.2d 1054.) Since McNeal's testimony in the

present case was substantially corroborated by two other witnesses, no prejudice could have resulted from the preclusion of testimony which, at most, would have had a limited impeachment effect.

## II

Defendant next contends that the circuit court erred in failing to sustain his motion to dismiss because a witness who would have testified favorably to him, Jose Corral, was deported prior to trial. Defendant draws an analogy from this situation to cases holding that where evidence is destroyed or lost while in the control of the State, the prosecution bears a heavy burden to show that such destruction was necessary in order to avoid sanctions such as dismissal. (See *People v. Taylor* (1977), 54 Ill. App. 3d 454, 458, 369 N.E.2d 573; *People v. Dodsworth* (1978), 60 Ill. App. 3d 207, 210, 376 N.E.2d 449.) In view of defendant's concession that the Federal government, not the State, deported the witness, the State maintains that it cannot be sanctioned for withholding evidence never in its possession. (See *People v. Spurlark* (1979), 74 Ill. App. 3d 43, 57, 392 N.E.2d 214.) Defendant nevertheless contends that the State had an affirmative duty to ensure the continued availability of the witness.

The United States Supreme Court considered constitutional ramifications of the deportation of a defense witness in *United States v. Valenzuela-Bernal* (1982), 458 U.S. 858, 73 L. Ed. 2d 1193, 102 S. Ct. 3440. The absence of such testimony would warrant sanctions where a defendant makes "*** a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses" and "*** only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." 458 U.S. 858, 873-74, 73 L. Ed. 2d 1193, 1206-07, 102 S. Ct. 3440, 3449-50.

Applying these principles to the instant facts, defendant's argument must be rejected. Defendant made no showing as to the substance of the deported witness' testimony; the circuit court thereby was left to speculate as to whether this testimony would have been material and favorable. Assuming, *arguendo*, that the witness' testimony would have been favorable to defendant, as a passenger in defendant's car his testimony, at best, would have corroborated that already presented by defendant and Gonzalez. Such testimony would have been "merely cumulative" and, under the *Valenzuela-Bernal* guidelines, insufficient to warrant sanctions. See also *United States v. Schaefer* (11th Cir. 1983), 709 F.2d 1383, 1384-85.

### III

Defendant also assigns error to the circuit court's denial of his motion for a mistrial after the prosecutor, allegedly aware that one passenger had been deported, inquired of two witnesses, McDuffey and Gonzalez, as to the number of occupants in defendant's auto. Such inquiry, defendant maintains, was an impermissible comment on defendant's failure to call a witness, citing *People v. Beller* (1979), 74 Ill. 2d 514, 526, 386 N.E.2d 857, for the proposition that it is improper for the State to comment on defendant's failure to call a non-alibi witness. In *Beller*, the prosecutor had made such remarks in closing argument. Although disapproving of such commentary, the supreme court nevertheless found the remarks harmless under the circumstances of the case.

■ In the case *sub judice*, the circuit court sustained defendant's objection each time the question was asked. Following defendant's oral motion for mistrial, the court instructed the jury to disregard the question when it was first asked. No similar motion was made as to the second question. Further, the improper comment was not stated directly as in *Beller*, but was merely inferable from the questions. The questions were never answered, since defendant's objections to them were sustained. Generally, unless a prosecutor's prejudicial remarks constitute a material factor in a conviction or result in substantial prejudice to defendant, they will not warrant reversal. (*People v. Panczko* (1980), 86 Ill. App. 3d 409, 412, 407 N.E.2d 988.) In view of all the evidence adduced, the "comment" which defendant seeks to have us infer from the prosecutor's questions was, if at all, only minimally prejudicial. The circuit court correctly denied defendant's motion for mistrial.

### IV

Defendant maintains that the circuit court erred in denying his timely motion in arrest of judgment, filed pursuant to section 116—2 of the Code of Criminal Procedure of 1963 (Code of Procedure). (Ill. Rev. Stat. 1981, ch. 38, par. 116—2.) In his motion, defendant alleged that the complaint was fatally defective because, although it mentioned "personal injury," it failed to sufficiently describe the injury sustained. Where the sufficiency of a charge is attacked in a motion in arrest of judgment, the standard for evaluating the charge is whether the elements of the offense are set out in the charge as required by section 111—3(a) of the Code of Procedure. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a); *People v. Simmons* (1982), 93 Ill. 2d 94, 99, 442 N.E.2d 891; *People v. Testa* (1983), 114 Ill. App. 3d 695, 698,

449 N.E.2d 164.) The purpose of section 111—3 is to ensure that defendant is informed as to the nature of the offense so that he may prepare his defense and protect himself from subsequent prosecution arising from the same conduct. *People v. Simmons* (1982), 93 Ill. 2d 94, 99-100.

Defendant here was charged by means of a verified uniform traffic ticket complaint which: (1) named the offense as "Leaving scene of accident—Personal Injury"; (2) cited section 11—401(a) of the Vehicle Code; (3) stated the time, date, and place of the offense; and (4) named defendant as the offender. Defendant argues on appeal that the failure of the ticket to particularize the nature of the injury impaired his ability to mount an effective defense, since the existence of a personal injury is an essential element of the charged offense, citing *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, and *People v. Hayes* (1979), 75 Ill. App. 3d 822, 394 N.E.2d 80. In *Griffin*, the supreme court held that a charge of reckless driving required considerable particularity, since the offense was sufficiently general as to support other actions as well, and that the lack of specificity could lead to double jeopardy problems. (*People v. Griffin* (1967), 36 Ill. 2d 430, 433-34.) In *Hayes*, the appellate court applied similar reasoning to reject a complaint couched in the general language of the reckless conduct statute. The court there noted a distinction between statutes proscribing specific behavior and those phrased in more general terms, and required specificity beyond the statutory language only for the latter. *People v. Hayes* (1979), 75 Ill. App. 3d 822, 824-25; see also *People v. Roberts* (1983), 113 Ill. App. 3d 1046, 1048, 448 N.E.2d 185.

■ The statute violated in the instant case, section 11—401(a) of the Vehicle Code, is neither general, nor proscriptive of disparate actions. The statute imposes certain duties on drivers involved in personal injury accidents, including the duty to comply with section 11—403 of the Vehicle Code. Section 11—403 requires a driver involved in an accident to give the person struck certain personal and vehicular identification and to render reasonable assistance to that person. Section 11—401(a) makes no distinction as to the degree or extent of injury necessary to trigger section 11—403 duties and does not require that the injury be serious. (*People v. Lawrence* (1974), 17 Ill. App. 3d 300, 303, 308 N.E.2d 52.) Moreover, a violation of section 11—401 requires proof only of the driver's knowledge that he was involved in an accident, not that he knew that injury or death resulted therefrom. (*People v. Nunn* (1979), 77 Ill. 2d 243, 252, 396 N.E.2d 27.) In view of the foregoing, the instant complaint adequately apprised defendant of the precise offense with which he was charged in accordance with sec-

tion 111—3(a) of the Code of Procedure.

The sufficiency of charges embodied in a uniform traffic ticket complaint was considered in *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517. There, the supreme court observed that, because of space limitations, the nature and elements of a misdemeanor offense are not set forth on a ticket, but that the common practice is to charge the offense by name and citation. The supreme court approved of the information thus provided as generally understood by the person charged, especially since he or she can request a bill of particulars, if necessary, in order to prepare a defense. (*People v. Tammen* (1968), 40 Ill. 2d 76, 79.) In *People v. Domovich* (1980), 91 Ill. App. 3d 870, 414 N.E.2d 290, the court addressed the sufficiency of a ticket charging defendant with "Leaving the Scene—Accident—Injury" in violation of section 11—401(a) of the Vehicle Code. Although defendant filed a motion in arrest of judgment, the court relied on *Tammen* to hold that, because defendant failed to file a bill of particulars to protest the sufficiency of the complaint in a pretrial motion, the complaint was sufficient. *People v. Domovich* (1980), 91 Ill. App. 3d 870, 874.

In the instant case, defendant requested a bill of particulars as part of a motion for discovery filed on May 6, 1982. His counsel conceded at trial that the State orally answered the motion. The prosecutor advised the court, without dispute, that defendant was supplied with police reports and other materials in the State's possession. In light of *People v. Tammen* and *People v. Domovich*, the subject complaint and supplementary information was sufficient to enable defendant to prepare his defense. The circuit court's denial of defendant's motion in arrest of judgment was without error.

## V

Section 401(a) of the Vehicle Code is claimed by defendant to be unconstitutionally overbroad as applied to him because it requires the driver to provide information in the absence of a request therefor, while not specifying the degree of injury necessary for imposition of the statutory duties. He also asserts that section 11—401(a) is vague and unnecessarily sweeps within its proscriptions conduct which is constitutionally protected. Generally, a statute is overbroad if it reasonably can be interpreted to prohibit constitutionally protected activity (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 114-15, 33 L. Ed. 2d 222, 231, 92 S. Ct. 2294, 2302), or unreasonably infringes upon constitutionally protected rights within its intended scope of regulation. (*People v. Ridens* (1974), 59 Ill. 2d 362, 370, 321 N.E.2d 264.)

Other than a reference to freedom from "overly extensive governmental regulation" defendant does not suggest which constitutionally protected right of his is particularly offended by the statute.

█ We fail to see how constitutional "overbreadth" has any application to the instant case. The United States Supreme Court, in *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908, suggested that a law is void for overbreadth only if the harmfulness of its chilling effect on first amendment freedoms is greater than the interest furthered by the legislation at issue implying further that even a minimal State interest could justify the law if speech-plus-conduct were involved. (See also *Wundsam v. Gilna* (1981), 97 Ill. App. 3d 569, 574, 422 N.E.2d 1109, *appeal denied* (1981), 85 Ill. 2d 576; Note, *Overbreadth Review and the Burger Court*, 49 N.Y.U. L. Rev. 532 (1974); Comment, *Constitutional Law: A New Test for Overbreadth?* 13 Washburn L.J. 524 (1974).) No first amendment freedom is impinged upon by any action taken or required to have been taken in the present case.

Defendant's contention that, because section 11—401(a) of the Vehicle Code does not define a "meaningful" degree of injury yet imposes a duty of performance whenever a collision occurs, appears to challenge the statute on vagueness grounds. A statute is void for vagueness when it does not afford a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2298-99; see *People v. Schwartz* (1976), 64 Ill. 2d 275, 280, 356 N.E.2d 8.) The language of section 11—401(a) does not suffer from such vagueness.

Section 11—401(a) has been upheld as a legitimate exercise of the legislature's police power. (*People v. Walker* (1974), 18 Ill. App. 3d 351, 356, 309 N.E.2d 716.) Because of the problems and dangers inherent in the operation of automobiles, the legislature may impose reasonable conditions on their use. (*People v. Lucus* (1968), 41 Ill. 2d 370, 373, 243 N.E.2d 228.) As a consequence, any additional burden necessitated by performance of the statutory duties whenever an accident takes place, regardless of whether any injury is immediately apparent, is justified by the legitimate public policy promoted by the statue. In order to sustain a conviction under section 11—401(a) it is not necessary to prove that defendant knew of the existence or extent of any injury; such a prerequisite would defeat the public interest which is served by requiring drivers involved in collisions to stop, provide the specified information and render assistance if necessary. *People v. Nunn* (1979), 77 Ill. 2d 243, 252.

Even were we to assume that McNeal told defendant he was unhurt, defendant nevertheless should have provided the necessary information as a precautionary measure. Defendant's car undisputedly collided with a young man on a bicycle and knocked him to the pavement. The victim, as well as two eyewitnesses, testified to the resulting injuries. Defendant, moreover, testified to observing McNeal sitting on the street and having to help him up, and saw McNeal holding his hand in such a way as to prompt defendant to offer several times to take the boy to the police. Defendant thus appears to have been on notice that some sort of injury might have been sustained. In view of this evidence, defendant's argument that the statute as applied to him is void for vagueness must be rejected.

From the foregoing analysis, no reason appears for disturbing the jury verdict, judgment or sentence entered in this case. Accordingly, we affirm.

Affirmed.

DOWNING, P.J., and PERLIN, J., concur.