THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADRIAN P. KAMIDE, Defendant-Appellant.

Second District   No. 2—92—0224

Opinion filed December 30, 1993.

James A. Kamide, of James A. Kamide & Associates, of River Grove, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, Peter C. Drummond, and Norbert J. Goetten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Adrian Kamide, was charged with driving under the influence (Ill. Rev. Stat. 1991, ch. 95½, par. 11–501(a)(2) (now codified, as amended, at 625 ILCS 5/11–501(a)(2) (West 1992))), driving with an alcohol concentration of .10 or greater (Ill. Rev. Stat. 1991, ch. 95½, par. 11–501(a)(1) (now codified, as amended, at 625 ILCS 5/11–501(a)(1) (West 1992))), and improper lane usage (Ill. Rev. Stat. 1991, ch. 95½, par. 11–709 (now 625 ILCS 5/11–709(a) (West 1992))). After a jury trial, defendant was found guilty of driving with an alcohol concentration of .10 or more (Ill. Rev. Stat. 1991, ch. 95½, par. 11–501(a)(1) (now codified, as amended,

at 625 ILCS 5/11—501(a)(1) (West 1992))) and improper lane usage (Ill. Rev. Stat. 1991, ch. 95½, par. 11—709(a) (now 625 ILCS 5/11—709(a) (West 1992))), and not guilty of driving under the influence (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2) (now codified, as amended, at 625 ILCS 5/11—501(a)(2) (West 1992))). Defendant was sentenced to one year of court supervision and he was ordered to pay a fine.

Defendant appeals, contending that the trial court erred in not instructing the jurors that consumption of Ventolin, a drug defendant inhaled for his asthma, was not the same as consumption of alcohol. Defendant also contends that the jurors were improperly instructed on the elements of improper lane usage.

The record presented on appeal consists of a common-law record, a supplemental common-law record containing, *inter alia*, a partial bystander's report, and a portion of the report of proceedings including: (1) the testimony of defendant's expert witness, Emmett Harmon; (2) the hearing on defendant's post-trial motion; (3) arguments regarding certification of a partial bystander's report; and (4) the sentencing hearing. The trial judge certified only a portion of the partial bystander's report.

Emmett Harmon, defendant's expert witness, was a chemist. He testified that he was familiar with breathalyzer machines, specifically the Intoxilyzer model 4011AS, and the process by which they registered alcohol in the breath. The machines measured infrared absorption. Harmon explained that different chemicals or different chemical bonds absorb infrared light at different wave lengths and the rate of absorption can identify the particular chemical bond in a molecule. Alcohol-related compounds absorb at 3.8 to 3.9 microns.

Harmon testified that there are many types of alcohol-related compounds, which have a hydroxyl group. That is, they have a carbon atom singly bonded to an oxygen atom which is singly bonded to a hydrogen atom. One type of alcohol-related compound is the alcohol that people commonly drink to become intoxicated, ethyl alcohol, also known as ethanol. Harmon was familiar with the drug called Ventolin, used as a bronchial dilator for asthmatics. The active ingredient in Ventolin is albuterol, an alcohol type compound. Three alcohol groups are in the molecule, and the breathalyzer would register for Ventolin. This is because the breathalyzer machine is designed to detect any molecular structure that will absorb infrared radiation at a level of 3.8 to 3.9 microns.

Harmon testified that if someone inhaled two sprays of Ventolin at 2 p.m., two sprays at 3:30 p.m., two sprays at 4:30 p.m., and

then blew into the intoxilyzer 4011AS at 6:20 p.m., the value of the albuterol would be approximately .000399 of a gram. According to Emmett, just under .0004 of a gram of albuterol would register .14 on the breathalyzer. The record indicates that defendant's breath test was given at 6:20 p.m. on February 23, 1991, and the readout was .14%.

The trial court agreed to certify a partial bystander's report prepared by defendant with certain corrections thereto. The report, as certified by the trial court, indicated that: (1) the defense orally objected to the State's instruction on improper lane usage, but never tendered a written instruction of its own; (2) defense counsel and the prosecutor agreed that the court reporter and clerk of the court could be released while the jury was deliberating so there was no verbatim transcript of what occurred during deliberations; (3) the jurors sent a note to the judge asking if the consumption of "venelyn [sic]" was the same as consumption of alcohol; and (4) defense counsel requested that the trial court answer the jurors' question in the negative, but the court instructed the jurors that they were to decide the case on the testimony, exhibits and instructions which they had received and heard.

The trial court further certified that: (1) defendant testified that he had ingested the asthma spray shortly before he was pulled over by the police officer; (2) defendant testified that he had been at McCormick Place taking machinery apart which had to do with bottling or canning of alcoholic beverages when alcohol spilled on him; (3) the police officer testified that he smelled alcohol on defendant; and (4) the police officer found asthma breath spray in defendant's possession.

Defendant first contends that the trial court erred in refusing to instruct the jurors that Ventolin was not "alcohol" for purposes of determining whether defendant was guilty of driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(1) (now codified, as amended, at 625 ILCS 5/11—501(a)(1) (West 1992))). A copy of the jurors' note, sent to the judge during deliberations, is in the common-law record. The note read, "Is the consumption of venelyn [sic] considered consumption of alcohol?" Defense counsel asked that the question be answered in the negative, but the trial court responded to the jurors' question with a note which read, "You are to decide the case on the testimony, exhibits and instructions which you have received and heard."

■ Before we analyze the propriety of the trial court's refusal to instruct the jurors that Ventolin was not alcohol for purposes of

the offense with which defendant was charged, we address the State's argument that defendant has failed to present an adequate record for appeal. Specifically, the State argues that the defendant failed to file a bystander's report and the record that has been assembled is insufficient to demonstrate the prejudice or harm to defendant. We do not agree.

The defendant has the burden of presenting a sufficient record, and if the record on appeal is incomplete, the reviewing court will indulge in every reasonable presumption in favor of the judgment appealed from, including that the trial court acted correctly. (*People v. Bruhn* (1977), 51 Ill. App. 3d 269, 271.) When the record is incomplete, a reviewing court should not guess as to the harm to a defendant. (*People v. Edwards* (1978), 74 Ill. 2d 1, 7.) Defendant filed a partial bystander's report, a portion of which was certified by the trial court over the State's objection. In addition, defendant has presented certain portions of the report of proceedings, including the testimony of his expert witness. We find the record to be sufficient to address the error alleged by defendant and to demonstrate the prejudice to defendant. Accordingly, we turn to an examination of the merits of defendant's argument.

Defendant was charged with and subsequently convicted of driving with an alcohol concentration in his breath of .10 or more (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(1) (now codified, as amended, at 625 ILCS 5/11—501(a)(1) (West 1992))). Chemical analyses of a person's breath are to be performed in accordance with standards set forth by the Department of Public Health. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.2(a)(1) (now 625 ILCS 5/11—501.2(a)(1) (West 1992)).) We may take judicial notice of these standards, which are set forth in the Administrative Code (Code) (77 Ill. Adm. Code §510.10 *et seq.* (1991)). (See *People v. Davis* (1989), 180 Ill. App. 3d 749, 753.) That part of the Code deals with the testing of breath, blood and urine for alcohol, and in its definitions section it defines "alcohol" as " 'ethanol', commonly referred to as ethyl alcohol or alcoholic beverage" (77 Ill. Adm. Code §510.20 (1991)). In this case, defendant's defense was that the intoxilyzer readout of .14 measured Ventolyn, which does not pass through the blood/brain barrier, instead of ethyl alcohol, which does pass through the blood/brain barrier and causes impairment of the brain's functions. It is clear that despite the fact that Ventolin contains albuterol, which has a hydroxyl group absorbing infrared light at the same rate of absorption as ethyl alcohol, it is the consumption of ethyl alcohol,

which passes the blood/brain barrier, that the legislature meant to proscribe.

■■ In this case, the trial court did not offer additional instructions on the definition of alcohol to clear up the confusion of the jurors. Rather, the trial court directed the jurors to refer back to the evidence and instructions they had already received. A trial court has the discretion to answer or to refrain from answering a question from the jury, and its decision will not be disturbed absent an abuse of that discretion. (*People v. Reid* (1990), 136 Ill. 2d 27, 38-39.) A circuit court may under appropriate circumstances exercise its discretion by refraining from answering a jury's questions. For instance, the trial court may properly decline to answer the jurors' question if: (1) the jury instructions are readily understandable and explain the relevant law; (2) further instructions would serve no useful purpose or might mislead the jurors; (3) the jury inquiry involves a question of fact; or (4) by answering, the trial court would express an opinion that might direct the verdict one way or the other. (*Reid*, 136 Ill. 2d at 39.) However, when a jury has raised an explicit question on a point of law arising from the facts over which there is doubt or confusion, the court should attempt to clarify the question in the minds of the jurors. *Reid*, 136 Ill. 2d at 39.

■■ In this case, the jurors demonstrated confusion over the meaning of the word "alcohol." Despite the State's argument that such a word has a common meaning so that no additional definition is needed, we believe that the word "alcohol" does need an additional definition in that the Department of Public Health regulations specifically define "alcohol" to mean only one type of alcohol, ethanol, and expert testimony in this case demonstrated that the type of alcohol contained in defendant's asthma spray and possibly reflected by the breathalyzer readout is a different type of alcohol. Because the jury demonstrated confusion as to a question of law, we hold that the trial court committed reversible error by refusing to provide the jury with an instruction on the definition of "alcohol." See *People v. Brouder* (1988), 168 Ill. App. 3d 938, 948.

■■ Defendant's second argument on appeal is that the trial court erred in instructing the jurors pursuant to the State's tendered instruction, which stated:

"A person commits the offense of Improper Lane Usage when, while operating a motor vehicle on a roadway, he fails to drive the vehicle entirely within a single lane and moves the vehicle from the lane without first ascertaining that such movement can be made with safety."

Defendant contends that this instruction was misleading because it failed to state all the elements of the offense of improper lane usage pursuant to section 11—709(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—709(a) (now codified at 625 ILCS 5/11—709(a) (West 1992))). That statute provides:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be removed from such lane until the driver has first ascertained that such movement can be made with safety." (Ill. Rev. Stat. 1991, ch. 95½, par. 11—709(a) (now codified at 625 ILCS 5/11—709(a) (West 1992)).)

Defendant argues that the instruction given failed to state that the roadway must be divided and there must be two clearly marked lanes. Defendant further argues that not only were the jurors not instructed properly, but also the testimony of the only State witness, Stephen M. Anderson, did not prove that the defendant moved out of a "single lane" and that the lanes were "clearly marked."

We begin by an analysis of the facts shown on the record. There is no report of proceedings relating to any evidence regarding this charge. The testimony of Stephen M. Anderson, mentioned by defendant, is not reflected in the report of proceedings. Further, that testimony is not reflected in the certified portions of the partial bystander's report. What is reflected in the certified portion of the bystander's report is that defendant orally objected to the State's instruction. However, the trial judge specifically stated that it was his recollection that defendant did not tender an alternative instruction. The common-law record includes copies of instructions that were given or refused, and it does not reflect any instruction on this charge, other than the one given by the State.

The failure to instruct a jury on an essential element of an offense may be reversible error. (*People v. Turner* (1989), 179 Ill. App. 3d 510, 517.) While defendant failed to tender an alternate instruction and this failure to tender generally waives the issue that an alternate instruction should have been given (*People v. Shields* (1991), 143 Ill. 2d 435, 446), a substantial defect may be considered under the doctrine of plain error if the evidence of defendant's guilt is closely balanced or when the error constitutes a grave error.

(*People v. Pearson* (1993), 252 Ill. App. 3d 1, 11-12.) If, however, evidence of an element of an offense is overwhelming, its omission from the jury instructions is harmless error. *People v. Holmes* (1993), 254 Ill. App. 3d 271, 278-79.

The defendant has the burden of presenting a sufficient record, and if the record on appeal is incomplete, any doubts resulting from the incomplete nature of the record will be resolved against the defendant. (*People v. Perry* (1989), 183 Ill. App. 3d 534, 549.) Obviously, since we have a record which does not reflect any of the evidence on this charge, we are unable to determine whether there was overwhelming evidence of these elements, but these doubts will be resolved against defendant.

In accordance with the foregoing, we affirm defendant's conviction of improper lane usage, reverse defendant's conviction of driving with an alcohol concentration of .10 or above in his breath, and remand this cause for a new trial.

Affirmed in part; reversed in part and remanded.

GEIGER and DOYLE, JJ., concur.