No. 3–06–0555

Filed June 10, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | for the 12th Judicial Circuit, |
| | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 05–CM–1754 |
| | ) | |
| JAMES T. JOHNSON, | ) | Honorable |
| Defendant-Appellant. | ) | Edwin Grabiec |
| | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant James Johnson was found guilty of criminal sexual abuse following a jury trial and sentenced to one-year of conditional discharge. He appeals, contending that the trial court's *ex parte* communication with the jury deprived him of his constitutional rights to be present and to counsel at all critical stages in the proceedings. We reverse his conviction and remand.

FACTS

In June 2005, Johnson was charged by criminal complaint with the offense of criminal sexual abuse. 720 ILCS 5/12-15(c) (West 2004). The complaint alleged that Johnson committed an act of sexual penetration with A.C., who was at least 13 years of age but under 17 years of age when the act was committed, in that Johnson placed his penis in A.C.'s vagina, and Johnson was less than five years older than A.C.

1

A trial commenced in September 2005 and resulted in a mistrial based on a deadlocked jury. A second trial ensued in April 2006. A.C. testified that her birth date was November 12, 1990, and that she had been dating Johnson since August 2004. On May 23, 2005, A.C. and Johnson skipped school and went to Johnson's house, where they watched television. After Johnson's mother left for work, A.C. and Johnson engaged in sexual intercourse. The sex was consensual. A.C.'s parents arrived at Johnson's home thereafter and she would not let them into the house. A.C. and Johnson went to see some friends and returned to Johnson's house two or three hours later. An officer arrived at Johnson's house, removed A.C. and returned her to her parents' home. Later, A.C. and her mother went to the police station and spoke with Lockport Phelan. A.C.'s mother told the officer that A.C. and Johnson had engaged in sex and A.C. described that Johnson put his penis in her vagina. A.C. was thereafter taken to the hospital where tests revealed that she was pregnant.

Lockport detective William Sheehan testified that he met with Johnson on May 27, 2005. Johnson told him that he and A.C. were boyfriend and girlfriend and he admitted having sex with her on May 23, 2005. He was 17 years old.

The defense rested without presenting any witnesses. Following deliberations, the jury returned a guilty verdict. After excusing the jury, the trial court advised the parties of a note it had received from the jury approximately 30 or 40 minutes earlier which stated, "Our decision is 11 to 1. We need advise/help [*sic*]." The court indicated on the note that its response was to "continue deliberating." Neither defense counsel nor the State raised any objections.

Johnson filed a posttrial motion in which he argued that the trial court erred in permitting A.C. to testify without proper foundation that she was pregnant. Following a hearing on the motion, the trial court denied it. At the sentencing hearing, the trial court sentenced Johnson to a one-year

term of conditional discharge. In addition, the court ordered Johnson to register as a sexual offender pursuant to statute. 730 ILCS 150/1 *et seq*. (West 2004). Johnson subsequently renewed a constitutional challenge to the sexual offender registration requirements. The trial court denied the motion. Johnson followed with the instant appeal.

ANALYSIS

On appeal we consider whether Johnson was denied his substantial rights by the trial court's *ex parte* communication with the jury. Johnson argues that the trial court erred in conducting the *ex parte* communication outside the presence of him or his attorney, which served to deny him the right to be present and his right to counsel at all critical stages of the proceedings. We agree.

A criminal defendant enjoys a constitutional right to appear and participate in person and by counsel at all proceedings involving his substantial rights. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8. These rights afford a defendant the opportunity to know what is occurring, make objections, and take appropriate actions to secure his rights and protect his defense. People v. Childs, 159 Ill. 2d 217, 227, 636 N.E.2d 534, 538 (1994). Once a jury has begun to deliberate, any communication between it and the trial court must be held in open court and in the defendant's presence. Childs, 159 Ill. 2d at 227, 636 N.E. 2d at 538. The failure to do so may deprive the defendant of his substantial rights. People v. Bryant, 176 Ill. App. 3d 809, 814, 531 N.E.2d 849, 852 (1988). Where a defendant is absent from a proceeding affecting his substantial rights, it is the State's burden to show beyond a reasonable doubt that he was not prejudiced. Bryant, 176 Ill. App. 3d at 815, 531 N.E.2d at 853. Because this issue concerns a question of law, our review is *de novo*. People v. Chapman, 194 Ill. 2d 186, 217, 743 N.E.2d 48, 68 (2000).

We begin our discussion by addressing the State's argument that Johnson has waived this

3

issue by failing to object in the trial court or to raise it in his posttrial motion. Pursuant to Supreme Court Rule 615(a), we may take notice of defects affecting substantial rights. 134 Ill. 2d R. 615(a); People v. Oden, 261 Ill. App. 3d 41, 48, 633 N.E.2d 1385, 1391 (1994). We thus find the waiver rule inapplicable. The State also urges us to alter the burden of persuasion, suggesting that if we address this issue under plain error, the burden is on Johnson to establish prejudice. The State offers no support for its suggestion and we decline to accept it, noting that it is well settled that the burden falls on the State to establish that the trial court's *ex parte* communication with a jury was harmless. People v. Comage, 303 Ill. App. 3d 269, 272, 709 N.E.2d 244, 246 (1999). While we disagree that we must address this issue under plain error as expressed in the special concurrence, we agree with its conclusion that under a traditional plain error analysis, Johnson established that the trial court's *ex parte* communication prejudiced him and was not harmless.

We find that the State has failed to sustain its burden and establish beyond a reasonable doubt that the trial court's *ex parte* communication with the jury did not prejudice Johnson. The State speculates that the trial court would have refused a request by Johnson for a Prim instruction because of the short duration the jury had deliberated before sending its note and the trial court's failure to give the instruction at Johnson's first trial. The State also points out that Johnson never asked for a Prim instruction at his first trial and that based on the similarities between the first and second trial, no prejudice could be said to have resulted from the *ex parte* communication. Speculation by the State does not rise to the level necessary to sustain its burden of proving beyond a reasonable doubt that Johnson was not prejudiced. Because the trial court's error deprived Johnson of his right to be present when the jury note was presented, we cannot guess at what response Johnson may have had to it. Furthermore, Johnson's absence at this critical stage in the proceedings denied him direct

4

knowledge of what was said and done and prevented him the opportunity to make objections and take any actions necessary to secure his rights.

Because the trial court's *ex parte* communication deprived Johnson of his constitutional right to be present at all critical stages of the proceedings against him, we reverse his conviction and remand.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

Reversed and remanded.

LYTTON, J., concurs.

CARTER, J., specially concurring:

I specially concur with the majority's ruling because I believe a plain error analysis should be applied to this case. The majority's ruling, I respectfully suggest, is inconsistent with our supreme court's most recent rulings on plain error versus harmless error review.

In the instant case, defendant did not make a timely objection of the alleged error regarding the trial judge's ex parte communication with the jury at trial nor raise the issue in a posttrial motion. However, the only argument defendant raises on appeal is that the trial court erred in conducting an ex parte communication with the deliberating jurors without the presence of defendant or counsel. Failing to object at trial and failing to raise the issue in a posttrial motion ordinarily results in the forfeiture of the issue on appeal. People v. Allen, 222 Ill. 2d 340, 350, 856 N.E.2d 349, 355 (2006). The plain error analysis applies where the defendant, as in the instant case, has failed to make a timely objection and it is the defendant who bears the burden of persuasion with respect to prejudice. See People v. Herron, 215 Ill. 2d 167, 177, 830 N.E.2d 467, 474 (2005); Allen, 222 Ill. 2d at 350-54,

856 N.E.2d at 355-57; People v. Nitz, 219 Ill. 2d 400, 409-10, 848 N.E.2d 982, 989 (2006); People v. Thurow, 203 Ill. 2d 352, 363, 786 N.E.2d 1019, 1025 (2003).  In contrast, where a defendant has made a timely objection, it is the State who bears the burden of persuasion with respect to prejudice, proving beyond a reasonable doubt that the result would have been the same absent the error.  See Herron, 215 Ill. 2d at 177, 830 N.E.2d at 474.

As developed under the plain-error doctrine, a reviewing court can reach a forfeited or waived error affecting substantial rights in two circumstances.  Herron, 215 Ill. 2d at 167, 830 N.E.2d at 475.  A court will consider plain error when the evidence is closely balanced or when the error is so serious that it impacts the integrity of the judicial process.  Herron, 215 Ill. 2d at 178-79, 830 N.E.2d at 475.  In Illinois, under the second category of plain error, a court considers the presumptively procedural error that may not have affected the outcome, but still must be remedied.  Herron, 215 Ill. 2d at 185, 830 N.E.2d at 479.  Both categories of plain error take into account the fairness, integrity and public reputation of the judicial proceeding.  Herron, 215 Ill. 2d at 185, 830 N.E.2d at 479.  In the second category, the defendant must prove there was plain error and that the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process.  Herron, 215 Ill. 2d at 187, 830 N.E.2d at 479-80.  This substantial rights prong guards against errors that are likely to erode the integrity of the judicial process and undermine the fairness of the trial.  Herron, 215 Ill. 2d at 186, 830 N.E.2d at 479, accord Allen, 222 Ill. 2d at 353, 856 N.E.2d at 356.

Jury deliberations are a critical stage of trial and involve substantial rights which require that the defendant has a right to be present and participate in person and by counsel involving any communications between the judge and the jury.  People v. Kliner, 185 Ill. 2d 81, 162, 705 N.E.2d

6

850, 890 (1998); People v. McDonald, 168 Ill. 2d 420, 459, 660 N.E.2d 832, 849 (1995); People v. Childs, 159 Ill. 2d 217, 227, 636 N.E.2d 534, 538 (1994). These cases all indicate that an ex parte communication between judge and a jury deprives a defendant of his constitutional right to be present at and to participate for his protection in a critical stage of trial. The cases also indicate the verdict will not be set aside where it is clear or apparent that no harm or prejudice resulted from an ex parte communication. Although all of above cases indicate that the State has the burden of proving that any error in the ex parte communication is harmless beyond a reasonable doubt and are issue specific, they all predate the Herron procedural forfeiture analysis. See Kliner, 185 Ill. 2d at 162, 705 N.E.2d at 891 (no objection at trial or posttrial, but waiver less rigid when based on judge's conduct); McDonald, 168 Ill. 2d at 460, 660 N.E.2d at 849 (defendant did object both at trial and in post-sentencing motions resulting in no waiver); Childs, 159 Ill. 2d at 228, 636 N.E.2d at 538 (burden is on the party gaining advantage from errors and appellate court opinion indicates defendant objected at trial upon hearing of the judge's ex parte communication (230 Ill. App. 3d 993, 996, 596 N.E.2d 108, 111 (1992)). But see People v. Steidl, 142 Ill.2d 204, 231, 568 N.E.2d 837, 847-48 (1991) (court puts burden on defendant to prove prejudice from ex parte communication although issue was raised in posttrial motion).

After Herron, Nitz, and Allen, as to the issue of ex parte communication between the judge and jury, courts should apply a harmless-error analysis when a defendant has made a timely objection and has raised the issue in a posttrial motion, but where defendant has failed to make a timely objection or to raise the issue in a posttrial motion, a plain-error analysis should be applied. In the harmless-error analysis, the State has the burden to prove prejudice beyond a reasonable doubt. However, under a plain-error analysis, the defendant has the burden of proving prejudice.

In the instant case, I believe that the defendant in his argument has met his burden to show

7

that the trial court's <u>ex</u> <u>parte</u> communication deprived the defendant of his constitutional right to be present at jury deliberations and caused him prejudice impacting the integrity of the process. Regardless of the strength of the evidence in this case, the defendant in his argument has shown that the judge's action without the defendant and his counsel present was error that impacted the fairness of the trial, based on the particular circumstances presented. The trial judge told the jury to continue deliberating after the jury sought help from the court. We have no idea what suggestions the defense might have made to the trial judge. But we do know that the defendant's first trial had ended in a deadlocked jury prompting a mistrial. At the second trial, it appears that the jury was stalemated again at a vote of 11-1. Given the importance of the right involved in this case and the circumstances presented, I believe that the defense has met their burden, albeit legally arguing the pre-<u>Herron</u> position that the State had the burden to show beyond a reasonable doubt that the defendant was not prejudiced.

For the reasons stated, I specially concur.