No. 3–06–0555

Filed February 20, 2009

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | for the 12th Judicial Circuit, |
| | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 05–CM–1754 |
| | ) | |
| JAMES T. JOHNSON, | ) | Honorable |
| Defendant-Appellant. | ) | Edwin Grabiec |
| | ) | Judge, Presiding |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Defendant James Johnson was found guilty of criminal sexual abuse following a jury trial and sentenced to a -one- year term of conditional discharge. He appeals, contending that the trial court's *ex parte* communication with the jury deprived him of his constitutional rights to be present and to have counsel at all critical stages in the proceedings. We reverse his conviction and remand.

FACTS

In June 2005, Johnson was charged by criminal complaint with the offense of criminal sexual abuse. 720 ILCS 5/12-15(c) (West 2004). The complaint alleged that Johnson committed an act of sexual penetration with A.C., who was at least 13 years of age but under 17 years of age when the act was committed, in that Johnson placed his penis in A.C.'s vagina, and Johnson was less than five years older than A.C.

A trial commenced in September 2005 and resulted in a mistrial based on a deadlocked jury.

A second trial ensued in April 2006. A.C. testified that her date of birth was November 12, 1990, and that she had been dating Johnson since August 2004. On May 23, 2005, A.C. and Johnson skipped school and went to Johnson's house, where they watched television. After Johnson's mother left for work, A.C. and Johnson engaged in sexual intercourse. The sex was consensual. A.C.'s parents arrived at Johnson's home thereafter and she would not let them into the house. A.C. and Johnson went to visit some friends and returned to Johnson's house two or three hours later. An officer arrived at Johnson's house, removed A.C. and returned her to her parents' home. Later, A.C. and her mother went to the police station and spoke with Lockport police officer Brian Phelan. A.C.'s mother told the officer that A.C. and Johnson had engaged in sex and A.C. described that Johnson put his penis in her vagina. A.C. was thereafter taken to the hospital where tests revealed that she was pregnant. Lockport detective William Sheehan testified that he met with Johnson on May 27, 2005. Johnson told him that he and A.C. were boyfriend and girlfriend and he admitted having sex with her on May 23, 2005. He was 17 years old.

The defense rested without presenting any witnesses. Following deliberations, the jury returned a guilty verdict. After excusing the jury, the trial court advised the parties of a note it had received from the jury approximately 30 or 40 minutes earlier which stated, "[o]ur decision is 11 to 1. We need advise[*sic*]/help." The court indicated on the note that its response was to "continue deliberating." Neither defense counsel nor the State raised any objections.

Johnson filed a posttrial motion in which he argued that the trial court erred in permitting A.C. to testify without proper foundation that she was pregnant. Following a hearing on the motion, the trial court denied it. At the sentencing hearing, the trial court sentenced Johnson to a one-year term of conditional discharge. In addition, the court ordered Johnson to register as a sexual offender

pursuant to the Sex Offender Registration Act. 730 ILCS 150/1 *et seq*. (West 2004). Johnson subsequently renewed a constitutional challenge to the sexual offender registration requirements. The trial court denied the motion. Johnson followed with the instant appeal. We reversed and remanded the cause, finding that the *ex parte* communication between the trial court and the jury served to deny Johnson a fair trial. People v. Johnson, 383 Ill. App. 3d 281, 284, 890 N.E.2d 668, 670 (2008). In so finding, we determined that the State bore the burden of establishing that the error was harmless beyond a reasonable doubt. Johnson, 383 Ill. App. 3d at 284, 890 N.E.2d at 670. The State appealed. The supreme court denied the State's petition for leave to appeal, but in its supervisory authority, directed this court to vacate its prior judgment and reconsider it in light of the rule that in a plain error analysis, the burden of persuasion is on the defendant. People v. Johnson, 229 Ill. 2d 681, 896 N.E.2d 1060 (2008). On reconsideration, we find that Johnson has carried the burden of persuasion, and we reverse and remand.

ANALYSIS

The issue on appeal is whether Johnson was denied his substantial rights by the trial court's *ex parte* communication with the jury. Johnson argues that the trial court erred in conducting the *ex parte* communication outside the presence of him or his attorney, an action which served to deny him his right to be present and his right to counsel at all critical stages of the proceedings.

We begin our discussion by addressing the State's argument that Johnson has waived this issue by failing to object in the trial court or to raise it in his posttrial motion. The State also argues that plain error review is not warranted under the instant circumstances. According to the State, the evidence is not closely balanced nor is the alleged error so egregious as to have denied Johnson a fair trial. We disagree.

3

Pursuant to Supreme Court Rule 615(a), we may take notice of plain errors or defects affecting substantial rights. 134 Ill. 2d R. 615(a); People v. Oden, 261 Ill. App. 3d 41, 48, 633 N.E.2d 1385, 1391 (1994). Jury deliberations are a critical stage of trial affecting substantial rights which require that the defendant has a right to be present and participate in person and by counsel in any communications between the trial court and the jury. People v. Kliner, 185 Ill. 2d 81, 162, 705 N.E.2d 850, 890 (1998). Under the plain error doctrine, a reviewing court may reach a forfeited or waived error affecting substantial rights in two circumstances. People v. Herron, 215 Ill. 2d 167, 177, 830 N.E.2d 467, 474 (2005). A court will consider plain error when the evidence is closely balanced or when the error is so serious that it impacts the integrity of the judicial process. Herron, 215 Ill. 2d at 178-79, 830 N.E.2d at 475. Under the second category, the defendant must prove that there was plain error and that the error was so serious it affected the fairness of his or her trial and challenged the integrity of the judicial process. Herron, 215 Ill. 2d at 187, 830 N.E.2d at 479-80.

Because jury deliberations involve substantial rights which affect the integrity of the judicial process, we will address Johnson's argument under the second prong of the plain error rule. Before we begin our analysis, however, we must determine who carries the burden of persuasion as to prejudice. Johnson asserts that because the error at issue concerns *ex parte* communication between the trial court and jury, it is the State's burden to prove that any error was harmless. In contrast, the State contends that under the plain error doctrine, the burden is on Johnson to establish prejudice. In light of the supreme court's directive issued in this case, we agree with the State's position and place the burden of persuasion on Johnson.

Johnson relies on several cases, including People v. Bryant, 176 Ill. App. 3d 809, 531 N.E.2d 849 (1988), People v. Childs, 159 Ill. 2d 217, 636 N.E.2d 534 (1994), and People v. Comage, 303

Ill. App. 3d 269, 709 N.E.2d 244 (1999), for the proposition that it is the State's burden to show that the error was harmless when *ex parte* communication between judge and jury is at issue. In Childs, the defendant objected to the *ex parte* communication, a critical distinguishing fact. Childs, 159 Ill. 2d at 226-27, 636 N.E.2d at 538. In Bryant, the parties were unclear as to whether the defendant was present when the trial court addressed the jury's note and there was no indication in the record that the defendant objected. In Comage, although the defendant did not object to the *ex parte* communication between the judge and jury, the court found the waiver rule inapplicable because the basis for the objection was the judge's conduct. Comage, 303 Ill. App. 3d at 272-73, 709 N.E.2d at 247.

While the cases cited by Johnson seemingly support his assertion that the burden of persuasion is on the State when the issue involves *ex parte* communication, the cases were decided before the decision in Herron, where the supreme court expressly differentiated between plain error and harmless error and clarified the burden of persuasion. The Herron court stated that the plain error analysis applies where the defendant failed to make a timely objection and that the burden of persuasion is on the defendant to establish prejudice. Herron, 215 Ill. 2d at 181-82, 830 N.E.2d at 476-77. Harmless error applies where the defendant has timely objected and the State bears the burden of persuasion to prove beyond a reasonable doubt that the result would have been the same without the error. Herron, 215 Ill. 2d at 181-82, 830 N.E.2d at 476-77, quoting People v. Thurow, 203 Ill. 2d 352, 363, 786 N.E.2d 1019, 1025 (2003). As there is no dispute in the instant case that Johnson did not make a timely objection or include the issue of *ex parte* communication in his posttrial motion, our review is pursuant to the plain error analysis and it is Johnson's burden to establish prejudice.

We turn now to the substantive issue of whether Johnson was denied his substantial rights by

the trial court's *ex parte* communication with the jury. A criminal defendant enjoys a constitutional right to appear and participate in person and by counsel at all proceedings involving his substantial rights. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8. This right affords a defendant the opportunity to know what is occurring, make objections, and take appropriate actions to secure his rights and protect his defense. Childs, 159 Ill. 2d at 227, 636 N.E.2d at 538. Once a jury has begun to deliberate, any communication between it and the trial court must be held in open court and in the defendant's presence. Childs, 159 Ill. 2d at 227, 636 N.E.2d at 538. The failure to do so may deprive the defendant of his substantial rights. Bryant, 176 Ill. App. 3d at 814, 531 N.E.2d at 852. However, a jury verdict will not be set aside where no harm or prejudice resulted from the *ex parte* communication. Kliner, 185 Ill. 2d at 162, 705 N.E.2d at 890. The key question in determining prejudice is whether the defendant's presence could have had any effect on the communication. People v. Blalock, 239 Ill. App. 3d 830, 841, 607 N.E.2d 645, 653 (1993). Because this issue concerns a question of law, our review is *de novo*. People v. Chapman, 194 Ill. 2d 186, 217, 743 N.E.2d 48, 68 (2000).

We find that Johnson has sustained his burden and established that the trial court's *ex parte* communication with the jury prejudiced him. Johnson's absence at this critical stage in the proceedings denied him direct knowledge of what was said and done in response to the jury's question and deprived him of the opportunity to make objections and take any actions necessary to secure his rights. The State speculates that the trial court would have refused a request by Johnson for a Prim instruction because of the short duration the jury had deliberated before sending its note and because the trial court failed to give the instruction at Johnson's first trial. The State also points out that Johnson never asked for a Prim instruction at his first trial and, based on the similarities

6

between the first and second trials, no prejudice could be said to have resulted from the *ex parte* communication. The State's speculation is unpersuasive. Johnson was deprived of his right to be present when the jury note was presented and we cannot guess what response he may have had to it. Because the trial court's *ex parte* communication deprived Johnson of his constitutional right to be present at all critical stages of the proceedings against him, we reverse his conviction and remand.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

Reversed and remanded.

CARTER and LYTTON, JJ., concur.